**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| KENNETH RITER,<br><br>              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | **REPORT AND RECOMMENDATION TO GRANT UNITED STATES' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (ECF NO. 8)**<br><br>Case No.  2:17-cv-01265-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

In this suit, Plaintiff Kenneth Riter, a tax return preparer, seeks the recovery of penalties collected by Defendant United States of America ("United States") through the Internal Revenue Service ("IRS").  (Compl., ¶¶ 1, 5, ECF No. 2.)  For tax years 2010, 2011, 2012, 2013, and 2014, Mr. Riter received a notice from the United States dated June 27, 2016 assessing penalties under 26 U.S.C. § 6694(b) for each year in the amount of $5,000, or a combined total of $25,000.  (Id., ¶ 13.)  On July 22, 2016, Mr. Riter filed a claim for refund and paid $750, or 15% of the total penalty, for each tax year, totaling $3,750 for the five tax years.  (Id., ¶ 15.)  On November 16, 2017, the United States denied Mr. Riter's refund claims.  (Id., ¶ 26.)  Mr. Riter subsequently filed this lawsuit against the United States on December 8, 2017, seeking a refund of all penalties paid for tax years 2010, 2011, 2012, 2013, and 2014.  (Id. at 9.)

The United States moves to dismiss Mr. Riter's suit for lack of subject matter jurisdiction.  (United States' Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Mot."), ECF No. 8.)  Specifically, the United States argues Mr. Riter did not pay the full

1

amount of the penalties as generally required to maintain a suit in federal district court under 28 U.S.C. § 1346(a)(1) and the Supreme Court's decision in <u>Flora v. United States</u>, 362 U.S. 145, 177 (1960).  (<u>Id.</u> at 6–7.)  The United States further argues that Mr. Riter failed to comply with the timing requirements of 26 U.S.C. § 6694(c)(2)—a limited exception to the full payment rule—that allows a tax preparer to maintain a suit in federal district court if he pays 15% of the total penalties and files his suit either (1) thirty days from the date the United States denies his refund claim, or (2) thirty days after six months from the date of filing his refund claim with the United States, whichever comes first.  (<u>Id.</u> at 3–7.)  The United States points out that December 16, 2017 is thirty days after the denial of Mr. Riter's refund claim and that thirty days after six months from the date Mr. Riter filed his refund claim is February 21, 2017, making the thirty days after six months of filing for a refund the earlier date.  (<u>Id.</u> at 5–6.)  The United States argues that because Mr. Riter did not file his lawsuit by February 21, 2017, the limited exception to the full payment rule "cease[d] to apply" after that date, and the full payment rule applied instead.  (<u>Id.</u> at 6.)  Accordingly, because Mr. Riter failed to comply with § 6694(c) or fully pay the challenged assessments, the United States claims this Court lacks subject matter jurisdiction over Mr. Riter's suit and must dismiss it.  (<u>Id.</u> at 6–7.)

In response, Mr. Riter argues that 26 U.S.C. § 6694(c)(2) is not a jurisdictional provision but instead a claims processing rule.  (Mem. in Opp'n to United States' Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Opp'n") 5–9, ECF No. 9.)  He claims that pursuant to the Supreme Court's decision in <u>United States v. Wong</u>, 575 U.S. __, 135 S. Ct. 1625, 1632 (2015), courts should presume a time bar presents a non-jurisdictional requirement unless Congress clearly identifies the bar as jurisdictional.

(Id.) Mr. Riter further contends that because § 6694(c)(2) "does not contain the word 'jurisdiction' or any language that would suggest that it is a jurisdictional mandate," it constitutes a claims processing rule and does not automatically bar this suit. (Id.) If § 6694(c)(2) presents a claims processing rule, Mr. Riter argues that the "Court can still hear the case and ultimately exercise its equitable powers," even if he missed the deadline established by that statue. (Id. at 9–10.) Finally, Mr. Riter argues that the cases the United States cites analyzing § 6694(c)(2) do not correctly interpret the language of that statute and are not binding. (Id. at 13–14.) Instead Mr. Riter asserts that the Court should adopt his novel interpretation of that statute. (Id. at 14–16.)

The undersigned[1] held a hearing on the United States' Motion on October 2, 2018. (ECF No. 16.) Having considered the briefs and arguments of the parties, the undersigned finds ample legal authority holding that 26 U.S.C. § 6694(c)(2) and the nearly identical provision 26 U.S.C. § 6703(c)(2) provide limited exceptions to section § 1346's full payment rule. Mr. Riter filed his suit in December 2017, well after § 6694(c)(2)'s February 21, 2017 deadline. Thus the full payment rule applies to his claims, and Mr. Riter admits that he paid only 15% of the penalties at issue. Because § 6694(c)(2)'s limited exception to the full payment rule ceased to apply after February 21, 2017, and Mr. Riter did not fully pay the penalties, the Court lacks jurisdiction over his claims pursuant to § 1346(a)(1) and Flora. Accordingly, the undersigned RECOMMENDS that the District Judge DISMISS Mr. Riter's Complaint for lack of subject matter jurisdiction.

---

[1] On December 12, 2017, the District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.)

## LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction.  "Subject-matter jurisdiction involves a court's authority to hear a given type of case."  Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1224 (10th Cir. 2004).  Federal district courts "have limited subject matter jurisdiction and may only hear cases 'when empowered to do so by the Constitution and by act of Congress.'"  Id. at 1225  (quoting 16 James Wm. Moore, Moore's Fed. Practice § 108.04(2) (3d ed. 2003)).  "Since federal courts are courts of limited jurisdiction, there is a presumption against [] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."  Penteco Corp. P'ship–1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991).

As a sovereign, "the United States and its officers enjoy immunity from suit except in instances where the United States has expressly waived that protection."  Flute v. United States, 808 F.3d 1234, 1239 (10th Cir. 2015).  "[T]he United States may not be sued without its consent and [] the existence of consent is a prerequisite for jurisdiction."  United States v. Mitchell, 463 U.S. 206, 212 (1983).  Therefore, "to sue the government a waiver of sovereign immunity must [] be found somewhere in the federal code."  Fletcher v. United States, 730 F.3d 1206, 1211 n.2 (10th Cir. 2013).  Any "waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign."  Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999).

While a challenge to subject matter jurisdiction may be either facial or factual, Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004), in this case, the United States makes a facial attack to subject matter jurisdiction, arguing

that the "the allegations contained in the complaint in this case are insufficient on their

face to support federal jurisdiction." (Mot. at 2.)  "[A] facial attack on the complaint's

allegations as to subject matter jurisdiction questions the sufficiency of the complaint. []

In reviewing a facial attack on the complaint, a district court must accept the allegations

in the complaint as true."  Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995)

(citation omitted).

## DISCUSSION

28 U.S.C. § 1346(a)(1) "waives sovereign immunity and grants subject-matter

jurisdiction to the district courts."  Wyodak Res. Dev. Corp. v. United States, 637 F.3d

1127, 1130 (10th Cir. 2011).  The statute provides that "district courts shall have original

jurisdiction, concurrent with the United States Court of Federal Claims" over:

> Any civil action against the United States for the recovery of any internal-
> revenue tax alleged to have been erroneously or illegally assessed or
> collected, or any penalty claimed to have been collected without authority
> or any sum alleged to have been excessive or in any manner wrongfully
> collected under the internal-revenue laws[.]

28 U.S.C. § 1346(a)(1).  This waiver of sovereign immunity, however, depends on the

claimant satisfying certain prerequisites.  In Flora, the Supreme Court held that §

1346(a)(1) "requires full payment of the assessment before an income tax refund suit

can be maintained in a Federal District Court" and that this requirement "is a

jurisdictional prerequisite to suit."  362 U.S. at 146, 177; see also Ardalan v. United

States, 748 F.2d 1411, 1413 (10th Cir. 1984) ("The Supreme Court, this circuit, and all

other federal circuits have long held that [§ 1346(a)(1)] requires the taxpayer to first pay

the full amount of an income tax deficiency assessed by the IRS before he/she may

challenge the assessment in a suit for refund . . ."); Diversified Grp. Inc. v. United

States, 841 F.3d 975, 981 (Fed. Cir. 2016) ("In Flora, the Supreme Court determined that § 1346(a)'s jurisdictional grant includes a 'full payment requirement,' which demands—as a jurisdictional prerequisite—full payment of the tax or penalty before a party could sue for a refund."); Magnone v. United States, 902 F.2d 192, 193 (2d Cir. 1990) ("[T]he full payment rule requires as a prerequisite for federal court jurisdiction over a tax refund suit, that the taxpayer make full payment of the assessment, including penalties and interest.").

Congress enacted two statutes—one applying to tax preparers and the other to "any person"—providing limited exceptions to Flora's full payment requirement.  See 26 U.S.C. § 6694(c); 26 U.S.C. § 6703(c).  These statutes allow a tax preparer or other person to bring a refund action in district court after paying only 15% of a penalty assessed under applicable sections provided that they follow the other requirements of the statutes.  The statutes require that the tax return preparer or other person pay 15% of the penalty and file a claim for refund no later than thirty days after receiving notice and demand of any penalty.  26 U.S.C. § 6694(c)(1); 26 U.S.C. § 6703(c)(1).  The tax return preparer or other person must then file suit in district court challenging the penalty (1) "within 30 days after the day on which his claim for refund of any partial payment of any penalty under subsection (a) or (b) is denied," (2) "or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund."  26 U.S.C. § 6694(c)(2); 26 U.S.C. § 6703(c)(2).  If the tax returner preparer or person fails to file suit within this time period, then the 15% limited exception to the full payment rule "shall cease to apply with respect to such penalty."  Id.

In this case, on June 27, 2016, the United States assessed Mr. Riter penalties under 26 U.S.C. § 6694(b) for tax years 2010 through 2014 in the amount of $5,000 for each year, or a combined total of $25,000.  (Compl., ¶ 13, ECF No. 2.)  In compliance with § 6694(c)(1), Mr. Riter, on July 22, 2016, filed a claim for refund and paid $750, or 15% of the total penalty, for each tax year, totaling $3,750 for the five tax years.  (Id., ¶ 15.)  However, Mr. Riter did not satisfy the prerequisites of § 6694(c)(2).  That provision required Mr. Riter to file his lawsuit by the earlier of either (1) thirty days after the United Sates denied his refund claim, or (2) thirty days after six months from the date he filed his refund claim.  The United States denied Mr. Riter's refund claim on November 16, 2017.  (Id., ¶ 26.)  Thirty days after this date is December 16, 2017.  Mr. Riter filed his refund claim on July 22, 2016.  Thirty days after six months from July 22, 2016 is February 27, 2017.  February 27, 2017 is clearly the earlier of the two dates.  However, Mr. Riter did not file this lawsuit seeking a refund of the penalties until December 8, 2017, (see id.), well beyond the February 27, 2017 deadline to do so.  After February 27, 2017, the 15% limited exception to the full payment rule "cease[d] to apply with respect to such penalty," meaning that the full payment rule applied after that time.  26 U.S.C. § 6694(c)(2).  However, Mr. Riter admits he paid only 15% of the penalties, (see Compl., ¶ 15, ECF No. 2), thereby conceding he did not comply § 1346(a)(1) and Flora's full payment requirement.

Apparently aware of the fact he filed this lawsuit beyond the February 27, 2017 deadline, Mr. Riter argues that § 6694(c)(2) constitutes a claim processing rule, not a jurisdictional bar to suit and that the Court therefore "can still hear the case and ultimately exercise its equitable powers."  (Opp'n at 5–10, ECF No. 9.)  He claims that

pursuant to the Supreme Court's decision in <u>Wong</u>, 135 S. Ct. at 1632, a time bar is presumed non-jurisdictional unless Congress makes a clear statement that a time bar is jurisdictional and that because "§ 6694(c)(2) does not contain the word 'jurisdiction' or other language that would suggest that it is a jurisdictional mandate," it is a claims processing rule and does not automatically bar this suit.  (<u>Id.</u> at 7.)  However, as the United States points out, <u>Wong</u> involved a failure to comply with the Federal Tort Claims Act statute of limitations, and § 6694(c) is not a statute of limitations similar to the one at issue in <u>Wong</u>.  (Reply in Supp. of Pl.'s Mem. in Opp'n to United States' Mot. to Dismiss for Lack of Subject Matter Jurisdiction 4, ECF No. 12.)  Significantly, Mr. Riter does not cite to any case law finding that § 6694(c) or the nearly identical § 6703(c) constitute merely claims processing rules.

To the contrary, the cases addressing §§ 6694(c) and 6703(c)—including decisions issued after the Supreme Court's decision in <u>Wong</u>—find that they are exceptions to the <u>Flora</u> full payment rule required to invoke federal district court jurisdiction under § 1346(a)(1).  See <u>Taylor v. Comm'r of Internal Revenue</u>, 732 F. App'x 599, 600 (9th Cir. 2018) (unpublished) (characterizing § 6694(c) as an "exception" to the full payment rule); <u>Thomas v. United States</u>, 755 F.2d 728, 729 (9th Cir. 1985) ("26 U.S.C. § 6703(c) provides an exception to the 'full payment rule' of <u>Flora</u> in the case of the frivolous return penalty."); <u>Kline v. United States</u>, 586 F. Supp. 338, 339 (N.D. Ohio 1984) ("26 U.S.C. § 6694(c) provides an exception to the general requirement of full payment."); <u>Bailey v. United States</u>, No. CV-14-02471-TUC-RCC, 2016 WL 7743404, at *2 (D. Ariz. Dec. 6, 2016) (unpublished) (finding § 6694(c) an exception to the full payment rule pursuant to which "district courts lack subject matter

jurisdiction over a claim for refund of tax penalties not fully paid"); O'Keefe v. United States, No. 80-6316-ME, 1981 WL 1745, at *1 (D. Or. Jan. 2, 1981) (unpublished) ("A federal court lacks jurisdiction under 28 U.S.C. § 1346(a) unless plaintiff has discharged the full amount of the assessed penalty. [] Congress provided a specific exception to the mandate of Flora, however, in 26 U. S. C. § 6694(c)." (internal citation omitted)); Stoecklin v. United States, No. 92-31-CIV-OC-16, 1992 WL 315548, at *1 (M.D. Fla. July 24, 1992) (unpublished) ("26 U.S.C. § 6703(c) provides an exception to the Flora 'full payment rule' in the case of the frivolous return penalty.").  The undersigned declines to depart from this well-established case law finding § 6694(c) and the nearly identical § 6703(c) exceptions to the full payment rule required to invoke jurisdiction under § 1346(a)(1).

In addition to this case law, the undersigned finds the time bar in this case inextricably intertwined with binding Supreme Court case law setting jurisdictional requirements, namely Flora.  While Wong invites courts to presume congressional time bars function as mere claims processing rules, it does not invite similar presumptions with respect to its jurisdictional case law.  If the Supreme Court considers § 6694(c) a claims processing rule and not jurisdictional, it will need to state as much explicitly before a lower court can make such a finding.

Mr. Riter also argues that the cases the United States cites do not bind this Court and incorrectly interpret the language of § 6694(c)(2) and that the Court should adopt his novel interpretation instead.  (Opp'n at 13–15, ECF No. 9.)  Specifically, he claims that the "if earlier" clause in this section "refers to the situation where the denial of the claim comes earlier than the 6 month and 30 day period."  (Id. at 15 (emphasis in

original).)  In other words, he claims a tax preparer may begin a refund proceeding within thirty days after denial of his claim, but if denial comes before six months have elapsed from the date he sought a refund, "then the tax return preparer is permitted to petition the court within 30 days after the expiration of that 6 months."  (Id.)  Mr. Riter correctly notes that the cases cited by the United States on this point do not bind this Court.  Less helpfully, Mr. Riter does not cite any cases supporting his interpretation of the statute.  Further, the cases interpreting §§ 6694(c)(2) and 6703(c)(2) all interpret those statutes in the way the United States does in this case—that the deadline to file a lawsuit challenging the penalty when the claimant only paid 15% is the earlier of either (1) thirty days after the United Sates denies a claimant's refund claim, or (2) thirty days after six months from the date a claimant files his refund claim.  See Taylor, 732 F. App'x at 600 (stating that § 6694(c) "confer[s] district court jurisdiction when a tax return preparer has paid at least fifteen percent of a penalty, if he commences his refund action within thirty days after the earlier of:  the IRS' denial of his claim for refund, or 'the expiration of 6 months after the day on which he filed the claim for refund.'" (quoting 26 U.S.C. § 6694(c)(1)); Bailey, 2016 WL 7743404, at *2 ("[U]nder 26 U.S.C. § 6694(c) a tax preparer can pay 15 percent of the penalty[,] file a refund claim with the IRS, and file suit in district court within the earlier of (1) 30 days after the IRS denies his claim for refund or (2) 30 days of the expiration of 6 months after the day on which he filed the claim for refund."); O'Keefe, 1981 WL 1745, at *1 (stating that to satisfy § 6694(c)(2), a claimant must file the action "within 30 days of the day on which a claim for refund was denied by the IRS, or – if earlier – within 30 days of the expiration of six months after the day on which the claim to the IRS was filed.").  Lastly, Mr. Riter's interpretation does

not reflect the plain reading of the statute.  The undersigned declines to depart from the numerous cases interpreting the statute in the manner consistent with its plain language.

In sum, Mr. Riter did not comply with the requirements of § 6694(c)(2) or § 1346(a).  He filed this lawsuit in December 2017, well after the February 27, 2017 deadline to do so.  Consequently, § 6694's limited exception to the full payment rule—that allows a taxpayer to challenge the assessment of penalties after paying only 15% of the total—"cease[d] to apply" after February 27, 2017.  After this date the full payment rule applied.  Mr. Riter did not pay the full amount of the penalties either, so he therefore failed to satisfy the jurisdictional prerequisites to maintain a suit under § 1346(a)(1).  Accordingly, the Court lacks subject matter jurisdiction over Mr. Riter's claims.  See Bailey, 2016 WL 7743404, at *2 (finding plaintiffs failed "to capitalize on 6694(c)'s 15 percent exception to the full pay rule" when he filed suit more than thirty days after six months from the date he filed his refund, depriving the district court of "subject matter jurisdiction over thus suit under Flora."); Mayo v. United States, No. 81-2125, 1982 WL 1652, at *1 (W.D. La. May 10, 1982) (unpublished) (finding that "this court lacks jurisdiction over the refund action" where the plaintiff "has not paid the entire penalty" and filed suit more than six months and thirty days after paying 15% of his penalty under § 6694(c)); O'Keefe, 1981 WL 1745, at *1 (finding court lacked subject matter jurisdiction because plaintiff failed to file within six months and thirty days after filing the refund claim, despite the government's denying the claim after that date).

The undersigned does not reach Mr. Riter's equitable arguments as they cannot overcome a lack of subject matter jurisdiction.  See Garling v. United States Envtl. Prot. Agency, 849 F.3d 1289, 1299 n.6 (10th Cir. 2017).

## RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS the District Judge dismiss this action without prejudice for lack of subject matter jurisdiction.

The Court will send copies of this Report and Recommendation to all parties, who the Court hereby notifies of their right to object to the same.  See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.  Id.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 15th day of January, 2019.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge

12