IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KENNETH RITER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING [17] REPORT & RECOMMENDATION AND OVERRULING [18] PLAINTIFF'S OBJECTION**<br><br>Case No. 2:17-cv-1265-DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

  Magistrate Judge Evelyn J. Furse's Report and Recommendation[1] under 28 U.S.C. § 636(b)(1)(B) recommends that Defendant United States of America's motion to dismiss[2] be granted and that Plaintiff Kenneth Riter's claims be dismissed without prejudice for lack of subject matter jurisdiction. More specifically, the Magistrate Judge found that (1) Mr. Riter failed to pay the full amount of penalties generally required in order to maintain suit in federal district court under 28 U.S.C. § 1346; and (2) Mr. Riter did not satisfy the timing requirements of 26 U.S.C. § 6694(c) to be able to proceed under Section 6694(c)'s limited exception to the full payment rule.[3] Mr. Riter objected to the Report and Recommendation, asserting that dismissal was improper because (1) 26 U.S.C. § 6694(c) is a claim processing rule, subject to equitable tolling; (2) the United States had the burden of showing that Section 6694(c) is jurisdictional and

---

[1] Report and Recommendation to Grant United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 8) ("Report and Recommendation"), docket no. 17, entered Jan. 15, 2019.

[2] United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss"), docket no. 8, filed Mar. 19, 2018.

[3] Report and Recommendation at 3, 5-12, docket no. 17.

failed to meet that burden; and (3) equitable tolling should apply because the tax penalty was not legally assessed by the Internal Revenue Service ("IRS").[4] The United States responded to the objection.[5]

De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection was made, including the record that was before the Magistrate Judge and the reasoning set forth in the Report and Recommendation.[6] The analysis and conclusion of the Magistrate Judge are correct. Therefore, the analysis and conclusion of the Magistrate Judge are accepted and the Report and Recommendation[7] is adopted.

## DISCUSSION

The Magistrate Judge's analysis of jurisdiction is correct. Federal district courts "have limited subject matter jurisdiction and may only hear cases 'when empowered to do so by the Constitution and by act of Congress.'"[8] 28 U.S.C. § 1346 grants federal district courts subject matter jurisdiction to hear tax refund suits, such as Mr. Riter's lawsuit. However, the exercise of jurisdiction is subject to what is generally known as the full payment rule, which requires that a party fully pay the assessed liabilities before suit can be maintained in federal district court.[9] This "pay first and litigate later" principle is well-settled.[10]

---

[4] Objection to Report and Recommendation to Grant United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 8), docket no. 18, filed Jan. 28, 2019.

[5] United States' Response to Plaintiff's Objection to Report and Recommendation Jurisdiction, docket no. 20, filed Feb. 12, 2019.

[6] 28 U.S.C. § 636(b).

[7] Docket no. 17.

[8] Report and Recommendation at 4; *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004)

[9] *Flora v. United States*, 362 U.S 145, 177 (1960).

[10] *Flora* 362 U.S. at 167-68. *Ardalan v. United States*, 748 F.2d 1411, 1413 ("The Supreme Court, this circuit, and all other federal circuits have long held that [28 U.S.C. § 1346(a)(1)] requires the taxpayer to first pay the full amount of an income tax deficiency assessed by the IRS before he/she may challenge the assessment in a suit for refund under § 1346(a)(1).").

26 U.S.C. § 6694(c) provides a limited exception to the full payment rule, allowing a taxpayer to pay only 15% of the penalty before filing suit in district court. However, the taxpayer must file a refund claim with the IRS and initiate suit in district court "within 30 days after the day on which his claim for refund of any partial payment of any penalty . . . is denied (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund)[.]"[11] Contrary to Mr. Riter's assertion, Section 6694(c) is neither a claim processing rule nor a jurisdictional bar to suit. 28 U.S.C. § 1346 is the applicable statutory provision that provides subject matter jurisdiction over tax refund suits. The Magistrate Judge's recommendation follows clearly established law that (1) the failure to pay the full penalty precludes suit; and (2) 26 U.S.C. § 6694(c) is a limited exception to the full payment rule that ceases to apply if suit is not filed within the time period identified.[12]

Here, the facts relevant to jurisdiction are undisputed. The United States, through the IRS, assessed penalties against Mr. Riter for tax years 2010-2014.[13] Notice of the penalties was sent to Mr. Riter on June 27, 2016.[14] On July 22, 2016, Mr. Riter filed a claim for refund and paid $750 for each tax year.[15] This amount constituted 15% of the total penalty.[16] On November

---

[11] 26 U.S.C. § 6694(c)(2).

[12] 26 U.S.C. § 6694(c)(2); *see e.g.*, *Taylor v. Comm'r of Internal Revenue*, 732 F. App'x 599 (9th Cir. 2018) (unpublished); *Kline v. United States*, 586 F. Supp. 338 (N.D. Ohio 1984); *Bailey v. United States*, No. CV-14-02471-TUC-RCC, 2016 WL 7743404 (D. Ariz. Dec. 6, 2016) (unpublished); *O'Keefe v. United States*, No. 80-6316-ME, 1981 WL 1745 (D. Or. Jan. 2, 1981); and *Mayo v. United States*, No. 81-2125, 1982 WL 1652 (W.D. La. May 10, 1982).

[13] Complaint ¶¶ 6-9, 13, docket no. 2, filed Dec. 8, 2017; Motion to Dismiss at 3, docket no. 8; Memorandum in Opposition to United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction at 1-4, docket no. 9, filed Mar. 30, 2018.

[14] Complaint ¶ 13.

[15] *Id*. ¶ 15.

[16] *Id*. ¶¶ 13, 15.

16, 2017, the United States denied Mr. Riter's refund claim.[17] Mr. Riter initiated his lawsuit on December 8, 2017, seeking a refund of the penalties paid and other related relief.[18]

Mr. Riter did not pay the full penalty as required to maintain suit in federal district court under 28 U.S.C. § 1346(a). Mr. Riter also failed to meet the requirements of 26 U.S.C. § 6694(c), which would have provided a limited exception to the full payment rule.[19] As a result, the court lacks jurisdiction over the tax refund suit.

Without subject matter jurisdiction, equitable considerations and the merits of the case cannot be addressed.[20] Although the allegations made by Mr. Riter are concerning, including the IRS's lack of communication,[21] Mr. Riter is not without relief. He can pay the full penalty to cure the deficiency in jurisdiction or pursue his right to challenge the penalty in the United States Tax Court. Regardless, as the party invoking federal jurisdiction, Mr. Riter has the burden of establishing a basis for federal subject matter jurisdiction.[22] Having failed to do so, the United States' motion to dismiss is granted.

---

[17] *Id*. ¶ 26.

[18] Complaint, docket no. 2, filed Dec. 8, 2017.

[19] The Magistrate Judge correctly calculated that Mr. Riter was obligated to file his suit by February 21, 2017 in order to take advantage of Section 6694(c)'s limited exception to the full payment rule.

[20] *Haynes Trane Service Agency v. Am. Standard, Inc.*, 573 F.3d 947, 964 (10th Cir. 2009) ("[A]n equitable remedy . . . is not proper if there is an adequate remedy at law."); *Garling v. United States Envl. Prot. Agency*, 849 F.3d 1289, 1299 n.6 (10th Cir. 2017) (declining to address argument that equitable tolling should apply because action must be dismissed for lack of subject matter jurisdiction).

[21] Mr. Riter has alleged that the IRS did not respond to his request for a conference with the Appeals Office (sent March 7, 2017), request for a collection due process hearing (sent September 27, 2016), or request for a due process hearing (sent July 12, 2017). Complaint ¶¶ 11, 20, 24. Although Mr. Riter filed his claim on July 22, 2016, the IRS did not respond until almost 16 months later when it sent its denial on November 16, 2017. *Id*. ¶¶ 15, 26.

[22] "Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'" *Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (citing *Penteco Corp. v. Union Gas Sys., Inc*., 929 F.2d 1519, 1521 (10th Cir.1991).

## ORDER

IT IS HEREBY ORDERED that the Report and Recommendation[23] is ADOPTED and that Mr. Riter's Objection[24] is OVERRULED.

IT IS FURTHER ORDERD that this case is DISMISSED without prejudice.

The clerk of the court shall close the case.

Dated March 15, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[23] Docket no. 17.

[24] Docket no. 18.